UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Marquette Business Credit, Inc.,                    No. 14-cv-354 (MJD/LIB)

                    Plaintiff,

        v.                                          **REPORT AND RECOMMENDATION**

Edward G. Gleason, et al.,

                    Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses, [Docket No. 40]. The Honorable Michael J. Davis, Chief United States District Judge for the District of Minnesota, referred the present motion to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (Order of Referral [Docket No. 47]). The Court held a motion hearing on December 16, 2014, at which time the Court took Plaintiff's motion under advisement. For reasons discussed herein, the Court recommends that Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses, [Docket No. 40], be **GRANTED**.

## I.    BACKGROUND

In the present case, Plaintiff Marquette Business Credit, Inc. ("Plaintiff") alleges that Defendants Edward G. Gleason and Sonak Management, LLC[1] (collectively, "Defendants"; respectively, "Gleason" and "Sonak") agreed to settle an underlying legal dispute with Plaintiff by confessing judgment in the amount of $150,000.[2] (Compl. [Docket No. 1], at 1). However,

---

[1] Sonak is a limited liability company with two members: Gleason and his wife, who is not a party to the present case. (Id. ¶ 3).
[2] Marquette Business Credit, Inc. v. International Wood, Inc., et al., No. 08-cv-1383 (JNE/FLN) (D. Minn.)

CASE 0:14-cv-00354-MJD-LIB   Document 60   Filed 12/22/14   Page 2 of 7

before the parties executed the Confession of Judgment, Defendants "absconded from the State and have since refused to execute the confession of judgment in Marquette's favor." (Id.)

In September 2010, Plaintiff, Gleason, and Sonak resolved the underlying lawsuit in principle, memorializing the terms of the resolution in a Settlement Agreement, [Docket No. 1-1], and an attached Confession of Judgment. (Id. ¶ 7). However, Gleason and Sonak never executed the Confession of Judgment. (Id. ¶¶ 12-17). Now, as a result of Defendants' failure to pay Plaintiff $150,000 and failure to execute the Confession of Judgment, Plaintiff alleges one count of breach of contract against both Gleason and Sonak, (id. ¶¶ 20-28), and one count of breach of the duty of good faith and fair dealing, (id. ¶¶ 29-32). Plaintiff demands relief in the form of (1) an award of $150,000 for Defendants' breach of the Settlement Agreement; (2) an order directing Defendants to execute the Confession of Judgment; and (3) an award of reasonable attorneys' fees, costs, and expenses. (Id. at 6).

Unlike the Confession of Judgment, Plaintiff, Sonak, Gleason, and a fourth party executed the Settlement Agreement. (Settlement Agreement [Docket No. 1-1], at 1). The Settlement Agreement memorialized Gleason's representation that "he and/or Sonak are currently unable to pay the amount of the confessed judgment to Marquette." (Id.) The Agreement provides,

> Because Gleason and Sonak have represented that they are currently unable to pay the amount of the confessed judgment to Marquette, a representation on which Marquette relies in agreeing to settle the Litigation, Gleason and Sonak shall confess a judgment to Marquette in the amount of $150,000 in the form attached hereto as Exhibit A.

(Id. ¶ 4). The Settlement Agreement provides at all relevant points that "Gleason and/or Sonak" are/is responsible for paying $150,000 to Plaintiff.

Plaintiff's submissions to the Court to date indicate that Sonak, as an entity, likely no longer exists, and that Plaintiff intends to attempt to recover its judgment from the entity, its members (to whom its assets may have transferred), and/or Gleason himself. (Objection to Report and Recommendation [Docket No. 28]).

Paragraph 16 of the Settlement Agreement provides, "If a Party breaches this Settlement Agreement, the breaching party shall reimburse the non-breaching parties for all reasonable attorney's fees and expenses incurred because of such breach." (Settlement Agreement [Docket No. 1-1], ¶ 16).

Procedurally, Plaintiff commenced the present action on or about February 7, 2014, naming as Defendants both Gleason and Sonak. (Compl. [Docket No. 1]). Defendants were served, and the deadlines by which Defendants were to have answered or otherwise responded to Plaintiff's Complaint came and went. (Order [Docket No. 17]).

On July 22, 2014, when Defendants had yet to file their answers or other responsive pleadings, the Court issued an order instructing Plaintiff to:

1. Notify Defendants immediately that they are required to make an appearance or move for an extension of time to do so;

2. File an application for entry of default against Defendants unless the required pleading is filed within 10 days; or

3. Advise the Court in writing of any good cause to the contrary.

(Order [Docket No. 8]). The Court further notified Plaintiff that unless Plaintiff's counsel complied with the Order within twenty (20) days of its issuance, the Court would dismiss Plaintiff's claims against Defendants for failure to prosecute. (Id.)

3

On August 1, 2014, the Court granted Defendant Gleason an extension of time to answer. (Order [Docket No. 14]). Defendant Gleason answered. (Answer [Docket No. 15]). However, after twenty (20) days had passed since the Court's July 22, 2014 Order to Answer, Defendant Sonak had yet to answer or otherwise appear in the present case. Plaintiff filed an application for entry of default against Sonak on August 13, 2014, [Docket No. 18], received a clerk's entry of default against Sonak on August 14, [Docket No. 21], and simultaneously requested entry of default judgment (sum certain) against Sonak, pursuant to Fed. R. Civ. P. 55(b)(1), [Docket No. 22]. The clerk's office entered default judgment in the amount of $150,000 against Sonak on October 23, 2014. (Default Judgment [Docket No. 39]).

## II.   PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NONTAXABLE EXPENSES, [DOCKET NO. 40]

Plaintiff moves the Court for an order awarding Plaintiff its attorneys' fees and nontaxable expenses against Defendant Sonak, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure. (See [Docket No. 40]). Plaintiff seeks $8,092.50 in attorneys' fees and $232.50 in nontaxable expenses. (Id.)

In support of its motion, Plaintiff represents that the Settlement Agreement – to which Sonak is a party, as articulated above – explicitly provides for the requested award of attorneys' fees and nontaxable fees. (Settlement Agreement [Docket No. 1-1], ¶ 16). Plaintiff's counsel argues that his rates are reasonable and comparable to other Twin Cities law firms, citing Madison v. Willis, No. 09-cv-930 (DWF/AJB), 2011 WL 851479, at *1 (D. Minn. Mar. 9, 2011) (noting that rates charged for attorney time in this district between $180 and $600 per hour have been deemed reasonable). Plaintiff's counsel represents that he billed at a rate of $325 per hour and expended 24.9 hours in prosecuting the present case as alleged against Sonak. (Supalla Decl.

4

[Docket No. 43], Ex. C). Reasonable expenses incurred consist of one-half of the cost of serving Sonak and Gleason with the summons and Complaint. (Supalla Decl. [Docket No. 43], Ex. D).

### A.      Standard of Review

Rule 12(a)(1) of the Federal Rules of Civil Procedure requires a defendant to file an answer or other responsive pleading within twenty-one (21) days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Following a clerk's entry of default, a plaintiff may apply to the Court for entry of default judgment: "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

### B.      Analysis

As articulated in Section I, supra, Plaintiff has properly obtained both a clerk's entry of default and default judgment (sum certain) in the amount of $150,000 against Defendant Sonak. Judgment against Sonak confirms its liability for Plaintiff's alleged breach of contract claims. "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010); Marshall v. Baggett, 616 F.3d 849, 852-53 (8th Cir. 2010); F.T.C. v. Kitco of Nevada, Inc., 612 F. Supp. 1282, 1297 (D. Minn. 1985). Although Plaintiff has already obtained default judgment against Defendant

Sonak, the Court affirms here that Plaintiff's Complaint alleges legitimate breach of contract claims against Sonak upon which relief may be granted.

Now, following entry of judgment, Plaintiff demonstrates that it is entitled to an award of attorneys' fees and nontaxable expenses pursuant to the terms of the Settlement Agreement, to which both Plaintiff and Sonak are executing parties: the Court has adjudicated Sonak a breaching party and, as a direct result, found Sonak contractually obligated to reimburse Plaintiff (the non-breaching party) for all reasonable attorneys' fees and nontaxable expenses incurred as a result of the alleged breach. (Settlement Agreement [Docket No. 1-1], ¶ 16).[3]

Defendant Sonak does not oppose the present motion, nor Plaintiff's calculation of fees and costs. Plaintiff's numeric values are supported by documentary evidence and a sworn affidavit, [Docket No. 43], and have been confirmed by the Court's own calculations. At the December 16, 2014 motion hearing, Plaintiff's counsel represented on the record that the value of the requested attorneys' fees represents fees incurred as a result of prosecuting Defendant Sonak Management, LLC *only* – fees attributable to Defendant Gleason are not included in the represented sum. Similarly, the requested nontaxable costs are those attributable to prosecuting Defendant Sonak, not Defendant Gleason. Fees incurred in prosecuting both Defendants have been appropriately halved.

Plaintiff's affidavit in support of the present motion sets forth with sufficient particularity the precise calculation of fees and costs incurred in prosecuting its claims against Sonak. The Court finds that Plaintiff's requested award is reasonable and permitted by contract and, as a result, recommends that Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses,

---

[3] Minnesota courts uphold contractual provisions for payment of reasonable attorneys' fees. Healy v. Carlson Travel Network Associates, Inc., 227 F. Supp. 2d 1080, 1095 (D. Minn. 2002) (citations omitted).

[Docket No. 40], be **GRANTED** and that Defendant Sonak be held responsible for paying Plaintiff's attorneys' fees and nontaxable costs in the amount of $8,325.00.

## III.   CONCLUSION

For the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED:**

1.  That Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses, [Docket No. 40], be **GRANTED**; and

2.  That Defendant Sonak Management, LLC be held responsible for paying Plaintiff's attorneys' fees and nontaxable expenses, in the amount of $8,325.00.

Dated: December 19, 2014                                    s/Leo I. Brisbois
                                                            Leo I. Brisbois
                                                            U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 2, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by January 16, 2015**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.