UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marquette Business Credit, Inc.,                       Court File No. 14-cv-354 (MJD/LIB)

        Plaintiff,

  v.                                                    **REPORT AND RECOMMENDATION**

Edward G. Gleason, et al.,

        Defendants.

This matter comes before the undersigned United States Magistrate Judge upon Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses, [Docket No. 88]. The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, referred the present motion to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (Order of Referral, [Docket No. 92]). The Court held a motion hearing on August 18, 2015, and the Court took Plaintiff's motion under advisement. For reasons discussed herein, the Court recommends **GRANTING** Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses, [Docket No. 88], **as modified herein**.

I.    **BACKGROUND**

Plaintiff Marquette Business Credit, Inc. ("Plaintiff") alleged that in September 2010, Plaintiff and Defendants Edward G. Gleason and Sonak Management, LLC[1] (collectively, "Defendants"; respectively, "Gleason" and "Sonak") settled an underlying legal dispute[2] and memorialized the terms in a Settlement Agreement, [Docket No. 1-1], and an attached

---

[1] Sonak Management, LLC is a limited liability company with two members: Gleason and his wife, who is not a party to the present case. (Compl. [Docket No. 1], ¶ 3).

[2] Marquette Business Credit, Inc. v. International Wood, Inc., et al., No. 08-cv-1383 (JNE/FLN) (D. Minn.) (herein after "International Wood").

Confession of Judgment.[3] (Compl., [Docket No. 1], ¶ 7). As a result of Defendants' failure to pay Plaintiff $150,000, as required by the Settlement Agreement, and Defendants' failure to execute the Confession of Judgment, Plaintiff alleged one count of breach of contract, (Id. ¶¶ 20-28), and one count of breach of the duty of good faith and fair dealing, (Id. ¶¶ 29-32), against Gleason and Sonak. Plaintiff's Complaint demanded relief in the form of (1) an award of damages in the amount of $150,000; (2) an order for specific performance directing Defendants to execute the Confession of Judgment; and (3) an award of reasonable attorneys' fees, costs, and expenses. (Id. at 6).

Unlike the Confession of Judgment, Plaintiff, Sonak, Gleason, and a fourth party executed the Settlement Agreement. (Settlement Agreement, [Docket No. 1-1], at 1). The Settlement Agreement memorialized Gleason's representation that "he and/or Sonak are *currently* unable to pay the amount of the confessed judgment to Marquette[,]" namely, $150,000. (Id.) (emphasis added). The Settlement Agreement provides,

> Because Gleason and Sonak have represented that they are currently unable to pay the amount of the confessed judgment to Marquette, a representation on which Marquette relies in agreeing to settle the Litigation, Gleason and Sonak shall confess a judgment to Marquette in the amount of $150,000 in the form attached hereto as Exhibit A. This represents an agreed amount due and owing under the Limited Guaranty.[4]
>
> The confession of judgment shall be subject to the following two terms:
>
> a.  If, within two years of the Parties' execution of this Settlement Agreement, Gleason and/or Sonak have satisfied the confessed

---

[3] The execution of a Confession of Judgment was distinct from the Defendants' obligation to pay Plaintiff $150,000, and merely provided Plaintiff a means of seeking to collect $150,000 from Defendants in the event they failed to pay within two years.

[4] $150,000 was Defendant Gleason's and Sonak's several share of the total $500,000 settlement agreed to by Plaintiff. (Settlement Agreement [Docket No. 1-1], ¶ 3).

2

    judgment in full, Marquette shall not file this confession of judgment.

  b. If, however, Gleason and/or Sonak have not fully satisfied the confessed judgment within two years, Marquette may file the confessed judgment and may proceed with execution and collection of any amount remaining unpaid at the time the confessed judgment is filed.

(Id. ¶ 4). The Settlement Agreement provides at all relevant points that "Gleason and/or Sonak" are/is responsible for paying $150,000 to Plaintiff.

  Paragraph 16 of the Settlement Agreement provides that "[i]f a Party breaches this Settlement Agreement, the breaching party shall reimburse the non-breaching parties for all reasonable attorney's fees and expenses incurred because of such breach." (Id. ¶ 16).

  The Clerk's Office entered default judgment in the amount of $150,000 against Defendant Sonak on October 23, 2014. (Default Judgment [Docket No. 39]). The undersigned United States Magistrate Judge recommended awarding Plaintiff its attorneys' fees and costs against Sonak on December 22, 2014. (Report and Recommendation [Docket No. 60]). The Clerk's Office entered a cost judgment in favor of Plaintiff against Sonak on December 29, 2014. (Amended Cost Judgment [Docket No. 62]). The Honorable Michael J. Davis adopted the Undersigned's Report and Recommendation awarding Plaintiff its fees and costs on January 20, 2015. (Order Adopting Report and Recommendation, [Docket No. 76]).

  On April 27, 2015, the undersigned United States Magistrate Judge recommended granting Plaintiff's Motion for Summary Judgment against Defendant Gleason. (Report and Recommendation, [Docket No. 82]). On May 29, 2015, Judge Davis issued an Order adopting the Report and Recommendation and entering judgment accordingly. (Order Adopting Report and Recommendation, [Docket No. 83]). The Court entered judgment against Defendant Gleason on June 1, 2015. (Judgment, [Docket No. 84]). Plaintiff filed the present Motion for Attorneys'

3

Fees and Nontaxable Expenses, [Docket No. 88], on June 30, 2015. The Clerk's Office entered a cost judgment in favor of Plaintiff against Gleason on July 27, 2015. (Cost Judgment, [Docket No. 94]).

## II.  PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NONTAXABLE EXPENSES, [DOCKET NO. 88].

In the present motion, Plaintiff moves the Court for an order awarding Plaintiff its attorneys' fees and nontaxable expenses against Defendant Gleason, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.[5] (Pl.'s Mot. for Attorneys' Fees and Nontaxable Expenses, [Docket No. 88]). Plaintiff seeks $39,265.00 in attorneys' fees and $232.50 in nontaxable expenses. (Id.).

In support of the present motion, Plaintiff represents that the Settlement Agreement – to which Gleason is a party, as articulated above – explicitly provides for the requested award of attorneys' fees and nontaxable costs or expenses. (Settlement Agreement, [Docket No. 1-1], ¶ 16). Plaintiff's counsel argues that his rates are reasonable and comparable to other Twin Cities law firms, citing Madison v. Willis, No. 09-cv-930 (DWF/AJB), 2011 WL 851479, at *1 (D. Minn. Mar. 9, 2011) (noting that rates charged for attorney time in this district between $180 and $600 per hour have been deemed reasonable). Plaintiff's counsel represents that he billed at a rate of $325 (2014) to $360 (2015) per hour and expended 119.4 hours in prosecuting the present case as alleged against Defendant Gleason. (Supalla Decl., [Docket No. 90], ¶ 3). Reasonable expenses incurred consist of one-half of the cost of serving Sonak and Gleason with the summons and Complaint. (Id. ¶ 13).

---

[5] Plaintiff indicates that he is also bringing his motion for attorneys' fees pursuant to Local Rule 54.3(b)(1) of the Local Rules for the United States District Court of the District of Minnesota. (Pl.'s Mot. for Attorneys' Fees and Nontaxable Expenses, [Docket No. 88]). In the version of Local Rule 54.3 that is presently in effect, however, there are no subsections to Local Rule 54.3(b).

**A.    Standard of Review**

Under Minnesota state law, "Attorney fees are recoverable if specifically authorized by contract or statute." Horodenski v. Lyndale Green Townhome Ass'n, Inc., 804 N.W.2d 366, 371 (Minn. Ct. App. 2011) (quoting Van Vickle v. C.W. Scheurer & Sons, Inc., 556 N.W.2d 238, 242 (Minn. Ct. App. 1996), review denied (Minn. Mar. 18, 1997)).[6]

Federal Rule of Civil Procedure 54(d)(2)(B) provides that "[u]nless a statute or court order provides otherwise, the motion [for attorneys' fees] must be filed *no later than 14 days after the entry of judgment*." Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added).

**B.    Analysis**

1.    Timeliness

Plaintiff did not file the present motion until twenty-nine (29) days after the entry of judgment in the present case against Defendant Gleason. Accordingly, the Court must consider, as a threshold matter, whether it will excuse the fact that Plaintiff's motion is untimely. Federal Rule of Civil Procedure 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Rule 6(b)(1)(B) does not, however, pertain to this case as Plaintiff has not made a motion to extend the time to file a motion for attorneys' fees. Nevertheless, even in the absence of a motion to extend the time to file for attorneys' fees, courts of this circuit have considered whether a party's failure to file their motion within the time limit set forth by Rule 54(d)(2) was the product of excusable neglect. See, e.g., Albers v. Tri-State Implement, Inc., No. CR. 06-4242-KES, 2010

---

[6] This case is before the Court on the basis of diversity jurisdiction, 18 U.S.C. § 1332, and therefore, we look to the substantive law of the forum state − in this case, Minnesota.

WL 960010, at *20 (D.S.D. Mar. 12, 2010); United States ex rel. Greendyke v. CNOS, P.C., No. CIV 04–4105, 2007 WL 2908414 (D.S.D. Sept. 27, 2007).

Courts consider the following factors when evaluating allegedly excusable neglect: (1) potential prejudice to the nonmoving party; (2) the length of the delay and the impact of the delay on the proceedings; (3) the moving party's explanation for the delay, including whether the delay was within the moving party's reasonable control; and (4) whether the moving party acted in good faith. Sugarbaker v. SSM Health Care, 187 F.3d 853, 856 (8th Cir. 1999).

In the present case, there has been no prejudice to the non-moving party, who has not even filed a response in opposition to Plaintiff's motion. In addition, the fifteen-day delay in Plaintiff filing the present motion was minimal and that delay has not had an impact on the proceedings in the present case.  At the motion hearing, counsel for Plaintiff explained that he had chosen to file the present motion within thirty (30) days after entry of judgment against Defendant Gleason after having consulted Local Rule 54.3, which Plaintiff's counsel stated that he had read as establishing a thirty-day time limit for filing a motion for attorneys' fees.  In its present form, however, Local Rule 54.3 sets forth only one circumstance in which a party has thirty rather than fourteen days to file for a motion for attorneys' fees, i.e., under the Equal Access to Justice Act (EAJA) pursuant to Local Rule 54.3(a).  Plaintiff is, however, not seeking attorneys' fees under the EAJA, but rather pursuant to Federal Rule of Civil Procedure 54(d)(2)(B). The Court notes that, *prior to 2013*, Local Rule 54.3 contained subsection (b)(1), which authorized the bringing of a motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) within thirty (30) days after the entry of judgment. (See Local Rule 54.3(b)(1) (2012)). However, Local Rule 54.3 was amended in 2013 by eliminating the subsections under section (b) as part of a revision to remove a deadline that was inconsistent with

Fed. R. Civ. P. 54(d)(2)(B). (2013 Advisory Committee Notes to LR 54.3). Because the delay in filing the present motion appears to have resulted from Plaintiff's counsel consulting an outdated version of Local Rule 54.3, the delay was fully within the control of Plaintiff. However, there is nothing in the record to indicate that Plaintiff's mistaken reliance on an outdated version of the Local Rules was not done in good faith, and therefore, it is under the circumstances of this case, excusable neglect.

It is within the Court's discretion to excuse a late filing where the delay in filing was the product of inadvertence, mistake, or carelessness. See Sugarbaker, 187 F.3d at 856 ("Considering the relevant circumstances, we conclude that even though St. Marys' failure to comply with the deadlines imposed by Rule 54(d)(2)(B) was within its own control, its failure to file its motion on time was nonetheless excusable neglect. First, St. Marys' filed its motion only one day late. Hence, Dr. Sugarbaker was not prejudiced. Second, the one day delay did not adversely impact any further judicial proceedings – this court has been able to address the present fee issue contemporaneously with the merits of the underlying legal dispute. Finally, we have no reason to doubt St. Marys' good faith. Therefore, we hold that the district court did not abuse its discretion in considering St. Marys' untimely fee request.").

In the present case, the Court concludes that Plaintiff's "neglect" in mistakenly consulting the wrong edition of Local Rule 54.3 is excusable. Accordingly, the Court will address the merits of Plaintiff's motion.

2.  Fees and Costs

As articulated in section I, supra, Plaintiff obtained judgment against Defendant Gleason, confirming Gleason's liability for Plaintiff's breach of contract claim.

Now, following entry of judgment, Plaintiff demonstrates that it is entitled to an award of attorneys' fees and nontaxable expenses pursuant to the terms of the Settlement Agreement, to which both Plaintiff and Gleason are executing parties.  The Court has determined that Gleason is a breaching party and, as a direct result, Gleason will be contractually obligated to reimburse Plaintiff (the non-breaching party) for all reasonable attorneys' fees and nontaxable expenses incurred as a result of the alleged breach. (Settlement Agreement [Docket No. 1-1], ¶ 16).[7]

Defendant Gleason has not opposed the present motion nor Plaintiff's calculation of fees and expenses.  Plaintiff's counsel documented his hourly work via a sworn declaration, [Docket No. 90], that he supplemented with an exhibit, (Supalla Decl., Exhibit B, [Docket No. 90-2]), which contains a detailed breakdown of the time that Plaintiff's counsel spent pursuing Plaintiff's claims against Defendant Gleason. In his sworn declaration, Plaintiff's counsel represented that he had worked for a total of 119.4 hours pursuing Plaintiff's claims against Defendant Gleason between October 10, 2013, and the present, at a rate of a rate of $325.00 per hour prior to 2015, and $360.00 per hour in 2015, and that multiplying the total number of hours by his hourly rates for the corresponding year indicated that Plaintiff had incurred a total of $39,265.00 in attorneys' fees over that period. (Supalla Decl., [Docket No. 90], ¶¶ 3, 12).

At the August 18, 2015, motion hearing, however, Plaintiff's counsel orally withdrew Plaintiff's request for fees with respect to 0.10 hours Plaintiff's counsel worked on February 11, 2014; 0.10 hours Plaintiff's counsel worked on March 3, 2014; 0.20 hours Plaintiff's counsel worked on March 27, 2014; and 0.10 hours Plaintiff's counsel worked on April 25, 2014. (August 18, 2015, Motion Hearing, Digital Recording at 10:10:50 a.m.-10:14:15 a.m.).

---

[7] Minnesota courts uphold contractual provisions for payment of reasonable attorneys' fees. Healy v. Carlson Travel Network Associates, Inc., 227 F. Supp. 2d 1080, 1095 (D. Minn. 2002) (citations omitted).

In his sworn declaration and at the August 18, 2015, motion hearing, Plaintiff's counsel represented that the value of the requested attorneys' fees represents fees incurred as a result of prosecuting Defendant Gleason *only* – Plaintiff's counsel did not include fees attributable to Defendant Sonak. Similarly, counsel has represented the requested nontaxable costs and expenses are those attributable only to prosecuting Defendant Gleason, not Defendant Sonak. Further, where applicable Plaintiff's counsel represented that he has halved any fees and expenses jointly incurred in prosecuting both Defendants.

The Court concludes that Plaintiff's counsel's sworn declaration and attached exhibit in support of the present motion sets forth with sufficient particularity the attorney fees incurred only in prosecuting Plaintiff's claims against Gleason. However, the Court has engaged in its own calculation of the hours associated with the specific entries listed in the exhibit supporting Plaintiff's counsel's sworn declaration.

After accounting for Plaintiff's withdrawal at the motion hearing of the four specific requests for fees, the Court's calculation of total number of hours associated with the specific entries listed in the exhibit supporting Plaintiff's counsel's sworn declaration, indicates that Plaintiff's counsel worked a total of 86.9 hours in 2013 and 2014 and an additional 14 hours in 2015, which in total equals 100.9 hours and <u>not</u> the 119.4 hours as stated in Plaintiff's counsel's sworn declaration. Multiplying the 86.9 hours that Plaintiff's counsel worked in 2013 and 2014 by the $325 per hour rate Plaintiff's counsel billed for those years indicates that Plaintiff incurred $28,242.50 in attorneys' fees in 2013 and 2014. Multiplying the 14 hours Plaintiff's counsel worked in 2015 by the $360 per hour rate that Plaintiff's counsel billed this year indicates that Plaintiff has incurred $5,040.00 in attorneys' fees this year. In total, Plaintiff has incurred

$33,282.50 in attorneys' fees in pursuing its claims against Defendant Gleason in the present case.

The Court has modified Plaintiff counsel's *total* number of hours worked and the resulting fees to account for the fours requests for a total of .5 hours in fees withdrawn at the motion hearing, and to address Plaintiff's counsel's error in calculation.

In his sworn declaration, Plaintiff's counsel also represented that Plaintiff is seeking to recover $232.50 in nontaxable expenses that it incurred as half of the total $465.00 cost of serving Defendant Gleason in the present case. (Supalla Decl., [Docket No. 90], ¶ 13). Plaintiff's counsel supported the request for nontaxable expenses by reference to an invoice that he had attached as an exhibit to an earlier declaration that he had previously filed on November 6, 2014. (Supalla Decl., Exhibit D, [Docket No. 43-1], 20-23).

The Court concludes that Plaintiff's counsel's sworn declaration in support of the present motion sets forth with sufficient particularity the nontaxable costs and expenses incurred only in prosecuting Plaintiff's claims against Defendant Gleason.

The Court finds that Plaintiff's requested award – AS MODIFIED – is reasonable and permitted by contract and, as a result, recommends that Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses, [Docket No. 88], be **GRANTED as modified** and that Defendant Gleason be held responsible for paying Plaintiff's attorneys' fees of $33,282.50 and nontaxable costs of $232.50, in the total amount of $33,515.00.[8]

---

[8] In its motion papers and at the hearing, Plaintiff asked the Court to enter an Order directing the Clerk of Court to enter a final judgment form in the present matter that incorporates and consolidates the default judgment entered in favor of Plaintiff against Defendant Sonak in the amount of $150,000.00, [Docket No. 39]; the cost judgment in favor of Plaintiff against Defendant Sonak in the amount of $447.90, [Docket No. 62]; the judgment in favor of Plaintiff awarding attorneys' fees and nontaxable expenses against Defendant Sonak in the amount of $8,235.00, [Docket No. 77]; the judgment in favor of Plaintiff against Defendant Gleason, [Docket No. 84]; and the cost judgment entered in favor of Plaintiff against Defendant Gleason in the amount of $221.58, [Docket No. 94]; with any judgment entered as a result of the resolution of the present motion. Plaintiff has not supported its request with any legal authority indicating the Plaintiff is entitled to the consolidated judgment that it requests, and the Court

III.    **CONCLUSION**

For the foregoing reasons, and based on all the files, records, and proceedings herein,

**THE COURT HEREBY RECOMMENDS:**

1. That Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses, [Docket No. 88], be **GRANTED as modified**; and

2. That Defendant Gleason be held responsible for paying Plaintiff's attorneys' fees and nontaxable expenses, in the amount of $33,515.00.


Dated: September 2, 2015                              s/Leo I. Brisbois
                                                      Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE


**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

---

independent research has not revealed any.  At the motion hearing, counsel for Plaintiff represented that Plaintiff's primary reason for seeking the requested consolidated judgment is to make it more efficient for Plaintiff to collect on the judgments in another forum. Plaintiff, however, has not providing anything that persuades the undersigned that there is a significant gain in efficiency by bringing one rather than six judgment forms before the appropriate authorities in whichever forum Plaintiff will seek to collect on those judgments. The undersigned declines to recommend consolidating the judgments listed above into a single judgment form.